U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS
ON THE COURTS DOCKET
TAWANA C. MARSHALL, CLERK

JUL 1 7 2013

D. Michael Lynn
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 13-41053-DML-11 |
| | § | |
| WALLIS JAMES WINEGAR AND | § | |
| JANE LARSON WINEGAR d/b/a | § | In Proceedings Under Chapter 11 |
| WINEGAR ENTERPRISES, | § | |
| | § | |
| Debtors. | § | |

**AGREED ORDER AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR
OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO
11 U.S.C. § 363 AND RELATED RELIEF**

On this day, came on for consideration the Debtors' Motion for Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and Related Relief (the "Motion") filed by Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises, the Debtors in Possession in the referenced Chapter 11 bankruptcy

proceeding ("Debtors"). An Objection to the Motion was filed by the County of Denton, Texas [Docket No. 67] which has been resolved by agreement as provided herein.

After consideration of the pleadings on file, evidence and arguments of counsel, the Court finds that the relief requested in the Motion is in the best interests of the Debtors, their estate, the creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:

A.  Debtors filed a Voluntary Petition for relief under chapter 11 of the United States Bankruptcy Code on March 4, 2013. Debtors have continued to operate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. The United States Trustee has not formed an official committee of unsecured creditors.

B.  Debtors own a tract of approximately 6.794 acres situated in Denton County, Texas (the "Property") which is more particularly described in that certain Farm And Ranch Contract (the "Contract for Sale") dated June 7, 2013 by and between the Debtors and Cardinal Hill Training Center LLC (referred to herein as the "Purchaser"). Pursuant to the Contract for Sale, the Debtors have agreed to sell, and Purchaser has agreed to purchase the Property for the sum of $40,000 cash.

C.  The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

D.  The Bankruptcy Court has jurisdiction over this matter and over the property of the Debtors' estate, including the Property, pursuant to 28 U.S.C. §§ 157 and 1334. This matter

In re Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises, Debtors
Agreed Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances
Pursuant to 11 U.S.C. § 363 and Related Relief – Page 2

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

E. The Property constitutes property of the Debtors' estate within the meaning of section 541(a) of title 11 of the United States Code (the "Bankruptcy Code").

F. The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are (i) sections 102, 105, and 363 of the Bankruptcy Code and (ii) Bankruptcy Rules 2002, 6004 and 9014.

G. Adequate and sufficient notice of the Motion, the Sale Hearing, the Contract for Sale, the identity of the Purchaser, and the proposed entry of this Sale Order have been provided in accordance with sections 102(1), and 363(b) of the Bankruptcy Code, the Local Rules, and Bankruptcy Rules 2002 and 6004. No other or further notice of the Motion, the Sale Hearing, the Contract for Sale, or of the entry of this Sale Order is necessary or shall be required. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

H. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) of the Bankruptcy Code with respect to all of the Property, and neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Contract for Sale or any or all of the transactions contemplated thereunder to be avoided or for the imposition of costs or damages pursuant to section 363(n) of the Bankruptcy Code.

I. The Debtors have full power and authority to execute the Contract for Sale and all other documents contemplated thereby, and the sale of the Property has been duly and validly

In re Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises, Debtors
Agreed Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances
Pursuant to 11 U.S.C. § 363 and Related Relief – Page 3

authorized by all necessary authority, so the Debtors may consummate the transactions contemplated by the Contract for Sale.

J.   The Property shall be sold free and clear of all liens, claims, encumbrances, and other interests (collectively, the "Liens") except as otherwise provided herein, with such Liens to attach to the consideration to be received by the Debtors from the sale of the Property in the same priority and subject to the same defenses and avoidability, if any, as before the closing.

K.   The transfer of the Property to the Purchaser is a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Debtors to the Property free and clear of any and all Liens.

L.   Cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

M.   The total consideration provided by the Purchaser for the Property is the highest and best offer received by the Debtors, and such consideration constitutes (i) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act; (ii) fair consideration under the Uniform Fraudulent Conveyance Act; and (iii) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia, for the Property.

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY:

**ORDERED** that the sale and transfer of the Property by and between the Debtors and the Purchaser be and the same is hereby approved pursuant to this Sale Order and the Contract for Sale attached to the Motion as Exhibit "A"; it is further

**ORDERED** that the sale of the Property pursuant to this Sale Order is free and clear of all liens, claims and encumbrances (including, but not limited to, the liens which may be claimed

by ad valorem tax authorities for the year 2012 and prior years), with any such liens, claims or encumbrances to follow and attach to the proceeds of sale in order of priority as established by applicable law except for 2013 ad valorem real property taxes plus all penalties and interest that may accrue which shall remain attached to the Property; it is further

**ORDERED** that all ad valorem property taxes for the year 2012 and prior years for real property will be paid at the time of the closing of the sale approved by this Sale Order. The tax liens for the year 2013 shall be expressly retained until the payment of the taxes, plus any penalties and interest that may accrue thereon, in the ordinary course. In the event that the sale of the Property closes after December 31, 2013, the liens for the 2014 tax year shall also be expressly retained until payment of the 2014 taxes in full; it is further

**ORDERED** that at closing of the sale approved by this Sale Order, net proceeds of sale shall be distributed to the Debtors and deposited into a segregated debtor-in-possession account after satisfaction of the Debtors' costs of closing, a broker's fee equal to 2.5% of the gross sale price and all applicable ad valorem tax claims secured by liens against the Property; it is further

**ORDERED** that the Debtors are authorized to execute such documents and take such actions as are reasonably necessary to carry out the purposes and intent of this Sale Order; it is further

**ORDERED** that this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Contract for Sale, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Debtors' assets, and it is further

In re Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises, Debtors
**Agreed Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances
Pursuant to 11 U.S.C. § 363 and Related Relief – Page 5**

**ORDERED** that the fourteen (14) day stay provided for in Bankruptcy Rule 6004(h) be and the same is hereby waived.

### End of Order ###

Agreed as to form and substance by:

Joseph F. Postnikoff
State Bar No. 16168320
Amanda B. Hernandez
State Bar No. 24069911
GOODRICH POSTNIKOFF & ASSOCIATES, LLP
777 Main Street, Suite 1360
Fort Worth, Texas 76102
Telephone: 817.347.5261
Telecopy: 817.335.9411
jpostnikoff@gpalaw.com
ahernandez@gpalaw.com

COUNSEL FOR THE DEBTORS IN POSSESSION

And

Lee Gordon
State Bar No. 08212500
MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
P.O. Box 1269
Round Rock, Texas 78680
Telephone: 512.323.3200
Facsimile: 512.323.3205

ATTORNEYS FOR THE COUNTY OF DENTON, TEXAS

In re Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises, Debtors
Agreed Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances
Pursuant to 11 U.S.C. § 363 and Related Relief – Page 6