

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 12, 2014**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WALLIS JAMES WINEGAR AND § | Case No. 13-41053-DML-11 |
| JANE LARSON WINEGAR  d/b/a § | |
| WINEGAR ENTERPRISES, § | In Proceedings Under Chapter 11 |
| § | |
| Debtors. § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION**
**WITH CONFIRMATION OF ORIGINAL CHAPTER 11 PLAN**
**OF REORGANIZATION AS MODIFIED**

On the 21st day of May, 2014, came on for confirmation before this Court the Original Joint Chapter 11 Plan of Reorganization Proposed by Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises, the Debtors and Debtors in Possession and Winegard Energy, Inc. [Docket No. 89], dated November 7, 2013 as modified by the First Modification to Original Joint Chapter 11 Plan of Reorganization Proposed by Wallis James Winegar and Jane

Larson Winegar d/b/a Winegar Enterprises, the Debtors and Debtors in Possession and Winegard Energy, Inc. [Docket No. 120], dated May 16, 2014 (together, the "Plan")[1]. All parties appearing in connection with the confirmation of the Plan were duly noted on the record.

After consideration of the Plan, the evidence presented, the arguments of counsel, together with the records and files in this Chapter 11 proceeding, this Court hereby makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.  The Chapter 11 bankruptcy case of Wallis James Winegar and Jane Larson Winegar d/b/a Winegar Enterprises ("Winegars", "Debtors" or "Debtors in Possession") was commenced pursuant to the Voluntary Petition filed March 4, 2013. The Debtors have continued to operate as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.  The Original Disclosure Statement to Accompany Original Joint Chapter 11 Plan of Reorganization [Docket No. 90] filed on November 7, 2013 (the "Disclosure Statement") was approved by Order Approving Disclosure Statement [Docket No. 101] entered December 17, 2013. The Disclosure Statement refers to the Plan filed by the Debtors (together with Winegard Energy, Inc., the "Proponents").

3.  Copies of the Disclosure Statement, Ballot for accepting or rejecting the Plan, the Plan and Order Approving Disclosure Statement were properly and timely mailed to all known creditors and parties in interest in the Chapter 11 case.

4.  Objections to confirmation of the Plan were filed by Wells Fargo Bank, N.A. ("Wells Fargo") and the United States of America on behalf of its agency, the Internal Revenue Service ("IRS") and have been resolved by the plan modification filed May 16, 2014 or overruled and denied by this Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

5.      The Plan complies with the applicable provisions to title 11, United States Code.

6.      The Proponents of the Plan have complied with the applicable provisions of title 11, United States Code.

7.      The Plan has been proposed in good faith and not by any means forbidden by law.

8.      Any payment made or to be made by the Debtors or by a successor of the Debtors for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, this Court as reasonable.

9.      The Proponents of the Plan have disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, an affiliate of the Debtors participating in a joint plan with the Debtors, or a successor to the Debtors under the Plan; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and the Proponents of the Plan have disclosed the identity of any insider that will be employed or retained by the reorganized Debtors, and the nature of any compensation for such insider.

10.     The Plan does not provide for any rate changes subject to approval by any governmental or regulatory commission with jurisdiction over the rates of the Debtors or their successor.

11.     Each holder of an Allowed Claim or Allowed Interest in each class of Allowed Claims or Allowed Interests in the Plan has accepted the Plan or will receive or retain under the Plan on account of such Allowed Claim or Allowed Interest property of a value as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or

retain if the Debtors were liquidated under Chapter 7 of title 11 of the United States Code on such date.

12. The following Class is not impaired under the Plan: Class 8 – Equity Interest Holders. All other Classes of Claims are deemed impaired.

13. All voting impaired Classes have accepted the Plan in accordance with § 1126 of the Bankruptcy Code. The Ballot Summary containing the tabulation of votes was admitted into evidence without objection.

14. At least one class of Allowed Claims impaired under the Plan has accepted the Plan without regard to or inclusion of any acceptance of the Plan by any insider.

15. The Plan does not discriminate unfairly and is fair and equitable with regard to each class of claims or interests.

16. The Plan provides that the holder of an Allowed Claim specified in Section 507(a) of the Bankruptcy Code shall receive cash equal to the allowed amount of such Allowed Claim on the Effective Date or as soon thereafter as is practicable.

17. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtors, except to the extent that such liquidation or reorganization is proposed in the Plan.

18. All fees payable under §1930 of title 28, United States Code, as determined by the Court have been paid or the Plan provides for the payment of all such fees on or before the Effective Date.

19. The Debtors shall file with the Court and serve on the United States Trustee a quarterly financial report for each quarter (or portion thereof) until the Bankruptcy Case is closed, dismissed, or converted, as the case may be.

20. There is no retirement plan for which the Debtors are obligated to make payment of retirement benefits, as that term is defined in § 1114 of title 11, United States Code.

21. The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

22. All transfers of property of the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

23. The Plan does not unfairly discriminate and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

24. The Plan and all transactions contemplated thereunder do not have as their principal purpose the avoidance of any taxes.

25. To the extent any of the Conclusions of Law set forth below include Findings of Fact, they are incorporated herein by this reference.

## CONCLUSIONS OF LAW

26. To the extent any of the Findings of Fact set forth above include Conclusions of Law, they are incorporated herein by this reference.

27. The proceeding with respect to the confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). The Bankruptcy Court has jurisdiction over the Debtors' Chapter 11 case pursuant to 28 U.S.C. §157(a) and has jurisdiction to make the Findings of Fact and Conclusions of Law referred to herein and to enter the Order Confirming Plan, dated of even date herewith and entered concurrently herewith.

28. The Plan was prepared and filed in compliance with the applicable provisions under title 11, United States Code, contains all provisions required by §1123 of the Bankruptcy

Code, and contains only such other provisions as are permitted by §1123 of the Bankruptcy Code and as are consistent with title 11, United States Code.

29. All Claims and Interests have been properly classified in the Plan in accordance with § 1122 of the Bankruptcy Code.

30. Notice of the hearing to consider confirmation of the Plan, the date fixed for filing acceptances or rejections of the Plan and the date fixed for filing objections to confirmation of the Plan was appropriate and the best notice possible under all of the circumstances, as required by § 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and all other applicable law.

31. The solicitation of acceptances of the Plan, including, without limitation, the procedures adopted and followed in transmitting, receiving and tabulating acceptances and rejections of the Plan, were in compliance with §§ 1125 and 1136 of the Bankruptcy Code and applicable bankruptcy rules and were appropriate and adequate under all of the circumstances of these cases.

32. All of the requirements for confirmation of the Plan specified by § 1129(a) and, insofar as may be appropriate, § 1129(b) of the Bankruptcy Code have been satisfied.

33. The Plan should be **CONFIRMED**.

### End of Order ###

**APPROVED AS TO**
**FORM AND SUBSTANCE:**

GOODRICH POSTNKOFF & ASSOCIATES, LLP
777 Main Street, Suite 1360
Fort Worth, Texas 76102
Telephone:  817.335.9400
Telecopy:  817.335.9411


By:  /s/ Joseph F. Postnikoff
      Joseph F. Postnikoff
      State Bar No. 16168320

COUNSEL FOR DEBTORS IN POSSESSION


BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
610 West 5th Street, Suite 602
Austin, Texas 78701
Telephone:  (512) 477-0008
Telecopy:   (512) 477-1112


By:  /s/ Steve Turner
      Steve Turner
      State Bar No. 20341700

COUNSEL FOR WELLS FARGO BANK, N.A.


OFFICE OF THE UNITED STATES ATTORNEY
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102-6882
Telephone:  (817) 252-5200
Telecopy:   (817) 252-5458

By:  /s/ Donna K. Webb
      Donna K. Webb
      Assistant United States Attorney
      State Bar No. 21024000

COUNSEL FOR THE INTERNAL REVENUE SERVICE